SARBER *v.* McCONNELL.

Opinion delivered November 27, 1897.

PLEADING—CHANGE OF ISSUE—WAIVER.—Permitting the plaintiffs to file a new complaint which completely changes the issues in the case is an irregularity which may be waived by defendants' failure to object. (Page 453.)

Appeal from Johnson Circuit Court.

JEREMIAH G. WALLACE, Judge.

## STATEMENT BY THE COURT.

This is a bill to foreclose two mortgages, and appropriate the proceeds to the payment of the debts secured according to priority, as between the debt of the first mortgage on the one hand and the debts of the second mortgage on the other, and *pro rata* as between the latter. In October, 1891, J. N. Sarber and wife gave their note to Brown as guardian, and secured the same by mortgage, with power of sale on certain real estate. In January following, they gave the two notes, the one to Powell and the other to E. T. McConnell, and secured the same by mortgages, with power of sale, on same property as was conveyed in the first mortgage. In December, 1893, McConnell having assigned his debt to Pitzele, the latter, under the power contained in his mortgage, advertised and sold the property, causing the same first to be appraised; and the same brought $1,000, which was two-thirds of the appraised value, and Powell became the purchaser. In May, 1895, Brown having transferred his debt to Hamilton, the latter, having caused the property in his (the first) mortgage to be appraised, by virtue of the power therein conferred upon him, sold the property, and became himself the purchaser thereof for the sum of $1,500. Deducting his debt from said sum of $1,500, the purchase price of the land, Hamilton was about to pay over the remainder to J. N. Sarber and wife, when plaintiffs, McConnell, Powell and Pitzele, brought the bill herein, asking that Hamilton be restrained and enjoined from paying over said balance to the Sarbers, and that he be required to pay the same over to the plaintiffs, as their interests might appear, to the satisfaction of their two debts aforesaid. On the hearing at the May term, upon the complaint of plaintiffs and separate answers of Sarber and Hamilton, the chancellor dissolved the injunction theretofore granted, declared both sales to be nullities; and continued the cause over until the following term, with leave to plaintiffs to file within sixty days their amended bill, asking for a foreclosure of both mortgages and distribution of proceeds of sale, and to defendants, within an

additional thirty days, to file answers, and leave to take depositions thereafter, and set the case down for hearing at the next term.

The plaintiffs filed their amended complaint, and the record goes on to show that at the next term, all parties appearing by their respective attorneys, the cause was heard upon the amended complaint and answers and exhibits; and a decree of foreclosure of both mortgages was entered, and sale ordered, and the proceeds of the sale, after payment of costs, were directed to be appropriated to the payment of the first mortgage debt, and, secondly, the remainder to be appropriated *pro rata* to the payment of the two debts secured by the second mortgage; and from this decree the Sarbers appealed to this court.

*S. R. Allen*, for appellants.

There is no evidence to support the finding of the court that the sales made by the mortgagees under the powers given them in their mortgages were void, and the court should not make such a decree, except on clear evidence. The mortgagees, having exercised their power of sale, are concluded thereby. 71 Ala. 26; 2 Jones, Mort. § 1876; 56 Ala. 211; 7 Paige, 208; Boone, Mort. § 225, and cases cited therein; 54 Ark. 457; 2 Jones, Mort. 953; 38 Ala. 338; 71 Ala. 26. The record discloses no evidence of either a mortgage or note in favor of the appellees, and there is no presumption that there was evidence outside of what the record shows. 71 Ill. 485; 55 Miss. 348.

Appellees, *pro se.*

There is no proof that there were any sales made under the powers of sale in the mortgages, and the burden was on appellant to make such proof. 40 Ark. 146. The answer of the defendants admitted the execution of both notes and mortgages.

BUNN, C, J., (after stating the facts.) We do not see why or upon what grounds the court set aside the two mortgage sales, or either of them, as there is nothing in the record to give us any information on the subject. But, without some affirmative showing to the contrary, we must presume in favor of the action of the court in this as in all other matters.

The filing of the amended complaint, although it was done by direction of the court as part of the poceedings in the case, was in effect the institution of a new suit, since it had for its object the foreclosure of the two mortgages and a sale thereunder, whereas the original suit had for its object the retention of funds which were then in the hands of Hamilton, the purchaser at the sale under the first mortgage, and a distribution of the same to the payment of the mortgage debts secured by the junior mortgage. Furthermore, it does not appear that defendants appeared, and answered the amended complaint under the permission of the court aforesaid or otherwise, but that, on the hearing, their original answers were treated as their answers in the new proceeding. But the record shows that the parties all appeared by their attorneys, and these irregularities, if they were such, appear to have been waived, and the cause was suffered to proceed, as stated, to decree.

In the decree itself we see no reversible error. It is therefore affirmed.